IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL MILES, | ) | |
| | ) | **No. 07 C 0795** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE FILIP |
| | ) | |
| CITY OF CHICAGO, a municipal corporation, | ) | |
| MICHAEL BUBACZ, #5515, JOSEPH MERKEL, | ) | Magistrate Judge Keys |
| #19301, JAMES RYLE, #1793, and other | ) | |
| Unidentified City of Chicago Police Officers, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS BUBACZ, MERKEL, AND RYLE'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendants, Michael Bubacz ("Officer Bubacz"), Joseph Merkel ("Officer Merkel"), and James Ryle ("Sgt. Ryle") (sometimes referred to collectively as "Defendant Officers"), by their attorney, Josh M. Engquist, Senior Assistant Corporation Counsel for the City of Chicago, submits the following answer, defenses and jury demand to plaintiff's complaint and state as follows:

**The Parties**

**1.    Michael Miles is a resident of Chicago, Illinois.**

**ANSWER:**   Defendant Officers admit, on information and belief, the allegations in this paragraph.

**2.    Defendant City of Chicago is a legal entity incorporated under the laws of the State of Illinois.**

**ANSWER:**   Defendant Officers admit the allegations in this paragraph.

3.     Michael Bubacz, Star #5515, is a Chicago Police Officer, who, at all times pertinent hereto, acted in his capacity as officer and employee of Defendant City of Chicago's Police Department and acted under color of law.

ANSWER:     Defendant Officers admit the allegations in this paragraph.

4.     Joseph Merkel, #19301, is a Chicago Police Officers, who, at all times pertinent hereto, acted in his capacity as officer and employee of Defendant City of Chicago's Police Department and acted under color of law.

ANSWER:     Defendant Officers admit the allegations in this paragraph.

5.     James Ryle, #1793, is a Chicago Police Officer, who, at all times pertinent hereto, acted in his capacity as officer and employee of Defendant city of Chicago's Police Department and acted under color of law.

ANSWER:     Defendant Officers admit the allegations in this paragraph.

6.     Unidentified Chicago Police Officers are Chicago Police Officers, who, at all times pertinent hereto, acted in their capacity as officers and employees of Defendant City of Chicago's Police Department and acted under color of law.

ANSWER:     Defendant Officers lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

## Jurisdiction and Venue

7.     This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 1343(a).  This Court has jurisdiction of Plaintiffs' state claims pursuant to 28 U.S.C. § 1367, and § 1441.  This Court has personal jurisdiction over Defendants as they are all residents of Illinois and all actions complained of herein occurred in Illinois.

ANSWER:     Defendant Officers deny the "actions complained of" as alleged by plaintiff and his attorney, but admit the remaining allegations in this paragraph.

8.     Venue is proper in this District because all the conduct complained of herein occurred in this District.

ANSWER:     Defendant Officers admit that venue is proper in this district, but deny "the

conduct complained of" as alleged by plaintiff and his attorney.

### Specific Allegations Common to All Counts

9. Shortly after midnight on February 11, 2006, Plaintiff Michael Miles was at the Caribbean Lounge at 69th Street and South Morgan Street in Chicago, IL.

**ANSWER:** Defendant Officers admit that at approximately 1:20 a.m. on February 11, 2006, plaintiff was in a bar located approximately at 69th Street and South Morgan in Chicago, Illinois. Defendant Officers admit, on information and belief, that "Carribean Bar" is the name of the bar. Defendant Officers deny the remaining allegations in this paragraph.

10. At that place and time, Defendant Officers Michael Bubacz, #5515, Joseph Merkel, #19301, and James Ryle, #1793, and additional Unidentified Chicago Police Officers entered the Caribbean Lounge.

**ANSWER:** Defendant Officers admit that on the night in question at or around 1:20 a.m., Defendant Officers and other Chicago Police Officers did enter the Carribean Bar. Defendant Officers deny the remaining allegations in this paragraph.

11. Defendant Officers Michael Bubacz, #5515, Joseph Merkel, #19301, and James Ryle, #1793, and additional unidentified Chicago Police Officers at said place and time proceeded without provocation to physically abuse Plaintiff Michael Miles. The physical abuse of Plaintiff Michael Miles entailed his being thrown to the floor, beaten, kicked and shot with a taser multiple times. Plaintiff Michael Miles was rendered unconscious by the abuse of the Chicago Police Department Officers.

**ANSWER:** Officer Bubacz and Sgt. Ryle admit that plaintiff was taken to the floor by Officer Bubacz and Sgt. Ryle did use a Taser as a contact stun weapon. Officer Bubacz and Sgt. Ryle deny the remaining allegations in this paragraph. Officer Merkel denies the allegations regarding plaintiff being rendered unconscious. Officer Merkel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

12. At the time that Defendant Officers Michael Bubacz, #5515, Joseph Merkel,

3

**#19301, and James Ryle, #1793, and additional unidentified Chicago Police Officers engaged in the physical abuse upon Plaintiff Michael Miles, there was no justification for said abuse.**

**ANSWER:** Officer Bubacz and Sgt. Ryle deny the allegations in this paragraph. Officer Merkel denies the allegations in this paragraph as they pertain to him. Officer Merkel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

**13.    At the time that Defendant Officers Michael Bubacz, #5515, Joseph Merkel, #19301, and James Ryle #1793, and additional unidentified Chicago Police Officers engaged in the physical abuse upon Plaintiff Michael Miles, each of the Officers had the opportunity to intervene to prevent said abuse by others.**

**ANSWER:** Officer Bubacz and Sgt. Ryle deny the allegations in this paragraph. Officer Merkel denies the allegations in this paragraph as they pertain to him. Officer Merkel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

**14.    Defendant Officers Michael Bubacz, #5515, and Joseph Merkel, #19301, then proceeded to arrest Plaintiff Michael Miles and charge him with obstruction of a peace officer and resisting a peach officer. Defendant Officers Michael Bubacz, #5515, and Joseph Merkel, #19301, knew that the charges were improper and that there was no basis to detain or arrest Plaintiff Michael Miles.**

**ANSWER:** Defendant Officers admit that Officer Bubacz was the first arresting officer and Officer Merkel was the second arresting officer for the February 11, 2006 arrest of plaintiff. Defendant Officers further admit that plaintiff was charged with both resisting a peace officer and obstruction of a peace officer. Defendant Officers deny the remaining allegations in this paragraph.

**15.    Plaintiff Michael Miles was taken by Defendant City of Chicago Police Officers to the police station and was there detained.**

**ANSWER:** Defendant Officers admit the allegations in this paragraph.

**16. The charges were stricken on the motion of the Assistant State's Attorney at the first court date on February 21, 2006 and were not reinstated.**

**ANSWER:** Defendant Officers admit, on information and belief, that on February 21, 2006 an A.S.A. did motion that the charges against plaintiff be stricken with leave to reinstate and the charges have not been reinstated. Defendant Officers lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

**17. As a direct and proximate result of the misconduct of Defendant Officers Michael Bubacz, #5515, and Joseph Merkel, #19301, and James Ryle, #1793, and additional unidentified Chicago Police Officers, Plaintiff suffered the loss of liberty and was caused to suffer and continues to suffer physical and mental pain and anguish.**

**ANSWER:** Defendant Officers deny the allegations in this paragraph.

**18. The acts, conduct, and behavior of Defendant Officers Michael Bubacz, #5515, and Joseph Merkel, #19301, and James Ryle, #1793, and additional unidentified Chicago Police Officers were performed knowingly, intentionally, and maliciously, or with reckless and/or knowing disregard for the Plaintiff's rights, by reason of which Plaintiff is entitled to an award of punitive damages.**

**ANSWER:** Defendant Officers deny the allegations in this paragraph.

## COUNT I

### 42 U.S.C. § 1983
### *Monell* Claim Against Defendant City of Chicago

Defendant Officers make no response to this count as it is not directed against them.

## COUNT II

### 42 U.S.C. § 1983
### Excessive Force Claim

**33. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.**

**ANSWER:** Defendant Officers' answers to the foregoing paragraphs in this complaint are incorporated herein as though fully set forth.

**34.** By all of the above, Defendants used and caused to be used unjustified force against Plaintiff and failed to intervene to prevent the unjustified use of force by their co-defendants and other Chicago Police Officers.

**ANSWER:** Defendant Officers deny the allegations in this paragraph.

**35.** The above-described conduct by the individual Defendants against Plaintiff was without cause or justification and violated Plaintiff's rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** Defendant Officers deny the allegations in this paragraph.

WHEREFORE, Defendant Officers Michael Bubacz, Joseph Merkel, and James Ryle demand judgment in their favor, together with their costs.

## COUNT III
## 42 U.S.C. § 1983
## False Arrest Claim

**36.** Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

**ANSWER:** Defendant Officers' answers to the foregoing paragraphs in this complaint are incorporated herein as though fully set forth.

**37.** The actions of Defendants Michael Bubacz and Joseph Merkel caused the false arrest and lodging of false criminal charges against Plaintiff, in violation of rights guaranteed under the Fourth and Fourteenth Amendments.

**ANSWER:** Defendant Officers deny the allegations in this paragraph.

WHEREFORE, Defendant Officers Michael Bubacz, Joseph Merkel, and James Ryle demand judgment in their favor, together with their costs.

## COUNT IV
## Battery

38.     Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

**ANSWER:**   Defendant Officers' answers to the foregoing paragraphs in this complaint are incorporated herein as though fully set forth.

39.     The above-described harmful, unjustified, and offensive contact by Defendants Michael Bubacz, Joseph Merkel and James Ryle, and other Unidentified Chicago Police Officers upon Plaintiff constituted battery under the common law of Illinois.

**ANSWER:**   Defendant Officers deny the allegations in this paragraph.

WHEREFORE, Defendant Officers Michael Bubacz, Joseph Merkel, and James Ryle demand judgment in their favor, together with their costs.

## COUNT V
## Intentional Infliction of Emotional Distress

40.     Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

**ANSWER:**   Defendant Officers' answers to the foregoing paragraphs in this complaint are incorporated herein as though fully set forth.

41.     The above conduct of defendants Michael Bubacz, Joseph Merkel and James Ryle, and other Unidentified Chicago Police Officers in using excessive force against Plaintiff was intentional and done with disregard for his safety and rights. Said actions by the individual defendants were extreme, outrageous and caused and continue to cause Plaintiff to suffer pain and emotional distress.

**ANSWER:**   Defendant Officers deny the allegations in this paragraph.

WHEREFORE, Defendant Officers Michael Bubacz, Joseph Merkel, and James Ryle demand judgment in their favor, together with their costs.

## COUNT VI
### Respondeat Superior

Defendant Officers make no response to this count as it is not directed against them.

## COUNT VII
### State Law Indemnification

Defendant Officers make no response to this count as it is not directed against them.

### AFFIRMATIVE DEFENSES

1. At all times material to the events alleged in plaintiff's complaint, a reasonably competent police officer, objectively viewing the facts and circumstances then confronting Defendant Officers, could have believed that the actions taken by them were objectively reasonable and were within constitutional limits that were clearly established at the time. Defendant Officers, therefore, are entitled to qualified immunity as a matter of law.

2. Under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the state law claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct. 745 ILCS 10/2-202.

3. Under the Illinois Tort Immunity Act, a public employee serving in a position involving the determination of policy or exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when action in the exercise of such discretion even though abused. 745 ILCS 10/2-201.

4. Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208.

5.      Defendant Officers are not liable for any of plaintiff's claims because they can not be held liable for acts or omissions of other people. Under the Tort Immunity Act, Defendant Officers are not liable for any of Plaintiff's alleged state law claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204.

6.      Plaintiff has a duty to mitigate his damages, and any damages awarded to plaintiff would be required to be reduced by any amount by which the damages could have been lessened by plaintiff's failure to take reasonable action to minimize those damages.

7.      To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of the plaintiff, any verdict or judgment obtained by plaintiff based on any finding of "reckless" willfull and wanton behavior, as opposed to "intentional" willfull and wanton behavior, must be reduced by application of the principals of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case. See People of City of Rollings Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (Ill. 1995).

8.      Defendant Officers, Bubacz and Ryle, were justified in using force against plaintiff because they reasonably believed that such force was necessary to effect the arrest of plaintiff and was reasonably necessary to defend themselves and others from bodily harm while making the arrest. 720 ILCS 5/7-5

**JURY DEMAND**

Defendant Officers respectfully request a trial by jury.

                                            Respectfully submitted,

                                            /s/ Josh M. Engquist

30 N. LaSalle Street, Suite 1400        JOSH M. ENGQUIST
Chicago, Illinois 60602                   Senior Assistant Corporation Counsel
(312) 744-7852
(312) 744-6566 (FAX)
ATTY. NO. 06242849